# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BUNGE-SCF GRAIN, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:23-cv-734 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| PAT WEBSTER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Bunge-SCF Grain, LLC ("Plaintiff" or "BSG"), by and through its undersigned counsel, and for its Complaint against Defendant Pat Webster ("Defendant" or "Mr. Webster") hereby states as follows:

### PARTIES

1. BSG is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1391 Timberlake Manor Parkway, Chesterfield, Missouri 63017.

2. BSG is owned by two members—Bunge North America, Inc. ("Bunge") and SCF Terminal, LLC ("SCF"). Bunge is a New York corporation with its principal place of business in Missouri. SCF Terminal, LLC is a Delaware limited liability company with its principal place of business in Missouri. Further, SCF is owned by a single member, SEACOR Inland River Transport Inc., which is a Delaware corporation with its principal place of business in Missouri.

3. Pat Webster is an individual domiciled in the State of Illinois.

## JURISDICTION AND VENUE

4. Plaintiff is a resident and citizen of Delaware, New York, and Missouri.

5. Upon information and belief, Defendant resides in Illinois and is a citizen of Illinois.

6. Subject matter jurisdiction is therefore vested in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as alleged more fully below.

7. Personal jurisdiction is proper in this Court because, among other reasons, Defendant knowingly entered into regular transactions with BSG, an entity known by Defendant to have a principal place of business in Missouri, including the transactions giving rise to this lawsuit; and Defendant intentionally caused harm through acts that were uniquely or expressly aimed at BSG in Missouri and which Defendant knew or should have known would be felt or suffered by BSG in Missouri.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1441 and 1391(b)(1), and because, among other reasons: a substantial part of the events or omissions giving rise to the claims at issue in this lawsuit occurred in this district; the agreements underlying the claims were formed in this judicial district; and the harm was felt or suffered by BSG in this judicial district.

## FACTUAL ALLEGATIONS

### *Overview of the Relationship between BSG and Mr. Webster*

9. BSG owns and operates a river grain terminal along the Mississippi River and two interior grain elevators in the State of Illinois.

10. BSG purchases various agricultural commodities, such as corn, soybeans, and wheat from local farmers and other sellers of raw grain. BSG's grain elevators typically consist of several multi-story bins specifically designed for BSG to elevate grain in large quantities and sell it for a profit.

11. Mr. Webster is a farmer who, upon information and belief, grows corn and soybeans in Pike County, Illinois, for sale to various grain elevator operations, including BSG.

12. Mr. Webster has a long history of doing business with Bunge and its affiliates. For many years, Mr. Webster sold corn and soybeans to Bunge and various Bunge-affiliated entities, including BSG, at grain elevators in Missouri and Illinois.

### *Mr. Webster and BSG Enter into Corn and Soybean Contracts*

13. In the Fall of 2021, Mr. Webster entered into six (6) contracts with BSG wherein Mr. Webster agreed to sell soybeans and corn to BSG.

14. Specifically, in the Fall of 2021, Mr. Webster entered into three (3) contracts for the sale of U.S. No. 1 Yellow Soybeans to BSG and three (3) contracts for the sale of U.S. No. 2 Yellow Corn to BSG, but failed to deliver the agreed amounts (the six contracts at issue in this dispute are referred to collectively herein as the "Contracts" and each a "Contract").

15. Mr. Webster and BSG entered into Contract No. 1000974640, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 48,000.000 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000974640 is attached hereto as Exhibit A and incorporated herein by reference.

16. Both BSG and Mr. Webster signed Contract No. 1000974640, as shown at the bottom of Page 1 of Exhibit A.

17. Mr. Webster and BSG entered into Contract No. 1000974406, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 35,000.000 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000974406 is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

18. Both BSG and Mr. Webster signed Contract No. 1000974406, as shown at the bottom of Page 1 of <u>Exhibit B</u>.

19. Mr. Webster and BSG entered into Contract No. 1000979242, dated October 26, 2021, whereby Mr. Webster agreed to sell and deliver 19,797.450 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000979242 is attached hereto as <u>Exhibit C</u> and incorporated herein by reference.

20. Both BSG and Mr. Webster signed Contract No. 1000979242, as shown at the bottom of Page 1 of <u>Exhibit C</u>.

21. Mr. Webster and BSG entered into Contract No. 1000974408, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 20,000.000 bushels of U.S. No. 2 Yellow Corn to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000974408 is attached hereto as <u>Exhibit D</u> and incorporated herein by reference.

22. Both BSG and Mr. Webster signed Contract No. 1000974408, as shown at the bottom of Page 3 of <u>Exhibit D</u>.

23. Mr. Webster and BSG entered into Contract No. 1000974409, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 50,000.000 bushels of U.S. No. 2 Yellow

Corn to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000974409 is attached hereto as Exhibit E and incorporated herein by reference.

24. Both BSG and Mr. Webster signed Contract No. 1000974409, as shown at the bottom of Page 1 of Exhibit E.

25. Mr. Webster and BSG entered into Contract No. 1000854238, dated May 28, 2020, whereby Mr. Webster agreed to sell and deliver 30,000 bushels of U.S. No. 2 Yellow Corn to BSG. Mr. Webster split the delivery under said Contract No. 1000854238, delivering 4,865.384 bushels of U.S. No. 2 Yellow Corn to BSG in September of 2021. BSG issued payment for such partial delivery on November 29, 2021. Mr. Webster accepted payment for the partial delivery on December 3, 2021.

26. Mr. Webster and BSG then entered into Contract No. 1000988290, dated November 29, 202, for the remaining bushels not otherwise delivered by Mr. Webster under Contract No. 100854238, whereby Mr. Webster agreed to sell and deliver 25,134.616 bushels of U.S. No. 2 Yellow Corn to BSG at the price and according to the terms set forth in the Contract. A true and accurate copy of Contract No. 1000988290 is attached hereto as Exhibit F and incorporated herein by reference. Contract No. 1000988290 provides it is comprised of the "[d]ouble up bushels remaining from 350/400 double up," i.e., Contract No. 1000854238, dated May 28, 2020, and entered into between Mr. Webster and Bunge, an affiliated entity of BSG, as referenced above. A true and accurate copy of Contract No. 1000854238 is attached hereto as Exhibit G and incorporated herein by reference. Both Bunge and Mr. Webster signed Contract No. 1000854238, as shown at the bottom of Page 3 of Exhibit G.

27.     In Contract No. 1000854238 for the sale and delivery of U.S. No. 2 Yellow Corn, Mr. Webster agreed to special terms whereby a quantity of bushels would be "knocked out" (*i.e.*, removed as a delivery obligation) or "doubled up" (*i.e.*, doubled) depending on whether the trading price of corn dropped below $3.50/bushel or exceeded $4.00/bushel at certain times. The knock-out and double-up levels were set as follows:

```
DUSKO Anytime KO Producer - Daily Structure / Bullet DU
Underlying: CZ21 @ 367.25
Levels: 350.00 (KO) / 400.00 (DU)
Total Premium: 0.00 (Customer receives: -0.00 )
Expiration Date: 11/26/21; Value Date: 05/28/20
```

*See* Exhibit G at p. 1.

28.     By operation of the knock-out and double-up provision in Contract No. 1000854238, which expired on November 26, 2021, Mr. Webster became contractually obligated to sell and deliver 25,134.616 bushels of U.S. No. 2 Yellow Corn, as confirmed in Contract No. 1000988290, dated November 29, 2021. *See* Exhibits F and G.

29.     BSG issued Contract No. 1000988290, rather than Bunge, because Mr. Webster expressly instructed BSG (not Bunge) to confirm the terms of Contract No. 1000854238 with Mr. Webster, and BSG did so to allow Mr. Webster, at his request, to continue to do business with a Bunge-affiliated entity after Bunge proceeded to sell its Louisiana, Missouri grain elevator (the Bunge address listed at the top of Contract No. 1000854238, *see* Exhibit G) to a third party.

***Mr. Webster Breached the Contracts by***
***Refusing to Deliver the Contracted-For Commodities***

30.     After entering into the Contracts in the Fall of 2021, Mr. Webster then made partial deliveries on some, but not all, of the Contracts.

31. Pursuant to Contract No. 1000974640 (*see* Exhibit A), Defendant delivered 24,772.165 bushels of the 48,000.000 bushels of soybeans for which BSG contracted.

32. Pursuant to Contract No. 1000974409 (*see* Exhibit E), Defendant delivered 2,136.631 bushels of the 50,000.000 bushels of corn for which BSG contracted.

33. Mr. Webster did not deliver any commodities pursuant to the other Contracts.

34. On or about June 14, 2022, Mr. Webster informed BSG for the first time that he would not deliver the outstanding quantities of soybeans and corn he owed BSG under the Contracts.

35. Prior to June 14, 2022, BSG expected Mr. Webster would fulfill his contractual obligations and had no reason to believe he could not or would not fully perform under the Contracts.

36. After learning Mr. Webster would not perform, BSG discussed with Defendant for several days to confirm his inability to deliver the contracted-for quantities and asked Mr. Webster if one of his family members or friends could deliver the commodities to BSG on his behalf to be applied to the Contracts.

37. It quickly became clear that neither Mr. Webster nor anyone on his behalf would deliver the outstanding quantities of soybeans and corn Defendant owed BSG under the Contracts.

38. Therefore, on June 27, 2022, BSG canceled each of the six (6) Contracts.

39. Pursuant to the terms of the Contracts, which call for the application of the National Grain and Feed Association ("NGFA") trade rules, BSG consulted the NGFA Grain Trade Rules to calculate the damages Mr. Webster owed BSG for his failure to perform under each Contract.

40. Specifically, due to Mr. Webster's refusal to perform, the NGFA Grain Trade Rules granted BSG the right to "cancel the defaulted portion of the contract at fair market value based

7

on the close of the market the next business day" after receiving notice from the seller that he will not be able to complete a contract or contracts.

41. Pursuant to the NGFA Grain Trade Rules, BSG calculated the difference between the fair market value of the defaulted portion of each Contract based on soybean and corn prices at the close of the market on June 15, 2022—the next business day after Mr. Webster gave notice to BSG that he would not perform—and the price of each Contract. This measure of damages is referred to in the industry as the "market difference."

42. The market difference Mr. Webster owed BSG for each of the canceled Contracts is as follows:

| CONTRACT NUMBER | COMMODITY | CONTRACTED-FOR QUANTITY | CANCELED QUANTITY | MARKET DIFFERENCE |
|---|---|---|---|---|
| 1000974640 | Soybeans | 48,000.000 bushels | 23,227.835 bushels | $116,023.04 |
| 1000974406 | Soybeans | 35,000.000 bushels | 35,000.000 bushels | $160,825.00 |
| 1000979242 | Soybeans | 19,797.450 bushels | 19,797.450 bushels | $97,403.45 |
| 1000974408 | Corn | 20,000.000 bushels | 20,000.000 bushels | $69,200.00 |
| 1000974409 | Corn | 50,000.000 bushels | 47,863.369 bushels | $164,649.99 |
| 1000988290 | Corn | 25,134.616 bushels | 25,134.616 bushels | $86,965.77 |
| **TOTAL**: | | 197,932.066 bushels | 171,023.270 bushels | **$695,067.25** |

43. Thus, as a direct and proximate result of Mr. Webster's breaches and refusal to perform his obligations under each Contract, BSG suffered damages and is owed the following sums:

    a.    $116,023.04 pursuant to Contract No. 1000974640.

    b.    $160,825.00 pursuant to Contract No. 1000974406.

      c.      $97,403.45 pursuant to Contract No. 1000979242.

      d.      $69,200.00 pursuant to Contract No. 1000974408.

      e.      $164,649.99 pursuant to Contract No. 1000974409.

      f.      $86,965.77 pursuant to Contract No. 1000988290.

The market difference owed by Mr. Webster totals **$695,067.25** pursuant to the Contracts, in addition to "any and all costs, expenses and damages of any nature whatsoever" sustained by BSG by reason of the seller's default, including but not limited to, attorneys' fees.

44. After canceling the Contracts and calculating the market difference, BSG sent Mr. Webster the cancellation documents and invoices for the amounts owed for each canceled Contract and requested payment.

45. Mr. Webster failed and refused—and continues to fail and refuse—to pay BSG the market difference it is owed under each Contract, and any of BSG's costs, expenses and attorneys' fees.

**COUNT I – BREACH OF CONTRACT NO. 1000974640**

46. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. Mr. Webster and BSG entered into Contract No. 1000974640, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 48,000.000 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. *See* Exhibit A.

48. Contract No. 1000974640 is and was, at all times, a valid and enforceable agreement between Plaintiff and Defendant for the purchase and sale of soybeans and was supported by adequate consideration.

9

49. BSG fully performed its obligations under Contract No. 1000974640 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

50. Mr. Webster failed to perform his obligations under Contract No. 1000974640, and thereby materially breached Contract No. 1000974640, by refusing to deliver the outstanding quantity of 23,227.835 bushels of soybeans he owed BSG under the Contract.

51. Upon Mr. Webster's material breach, BSG properly canceled the defaulted portion of Contract No. 1000974640 and correctly calculated the fair market difference owed according to the terms of the Contract.

52. Mr. Webster's material breach of Contract No. 1000974640 has directly and proximately caused BSG damages as set forth herein in the amount of $116,023.04, exclusive of interest and costs.

53. Pursuant to Contract No. 1000974640, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $116,023.04, pre-judgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT NO. 1000974406

54. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Mr. Webster and BSG entered into Contract No. 1000974406, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 35,000.000 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. *See* Exhibit B.

56. Contract No. 1000974406 is and was, at all times, a valid and enforceable agreement between Plaintiff and Defendant for the purchase and sale of soybeans and was supported by adequate consideration.

57. BSG fully performed its obligations under Contract No. 1000974406 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

58. Mr. Webster failed to perform his obligations under Contract No. 1000974406, and thereby materially breached Contract No. 1000974406, by refusing to deliver the outstanding quantity of 35,000.000 bushels of soybeans he owed BSG under the Contract.

59. Upon Mr. Webster's material breach, BSG properly canceled Contract No. 1000974406 and correctly calculated the market difference owed according to the terms of the Contract.

60. Mr. Webster's material breach of Contract No. 1000974406 has directly and proximately caused BSG damages as set forth herein in the amount of $160,825.00, exclusive of interest and costs.

61. Pursuant to Contract No. 1000974406, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $160,825.00,

prejudgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH OF CONTRACT NO. 1000979242

62. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Mr. Webster and BSG entered into Contract No. 1000979242, dated October 26, 2021, whereby Mr. Webster agreed to sell and deliver 19,797.450 bushels of U.S. No. 1 Yellow Soybeans to BSG at the price and according to the terms set forth in the Contract. *See* Exhibit C.

64. Contract No. 1000979242 is and was, at all times, a valid and enforceable agreement between Plaintiff and Defendant for the purchase and sale of soybeans and was supported by adequate consideration.

65. BSG fully performed its obligations under Contract No. 1000979242 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

66. Mr. Webster failed to perform his obligations under Contract No. 1000979242, and thereby materially breached Contract No. 1000979242, by refusing to deliver the outstanding quantity of 19,797.450 bushels of soybeans he owed BSG under the Contract.

67. Upon Mr. Webster's material breach, BSG properly canceled Contract No. 1000979242 and correctly calculated the market difference owed according to the terms of the Contract.

68. Mr. Webster's material breach of Contract No. 1000979242 has directly and proximately caused BSG damages as set forth herein in the amount of $97,403.45, exclusive of interest and costs.

69. Pursuant to Contract No. 1000979242, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $97,403.45, prejudgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

## COUNT IV – BREACH OF CONTRACT NO. 1000974408

70. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71. Mr. Webster and BSG entered into Contract No. 1000974408, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 20,000.000 bushels of U.S. No. 2 Yellow Corn to BSG at the price and according to the terms set forth in the Contract. *See* Exhibit D.

72. Contract No. 1000974408 is and was, at all times, a valid and enforceable agreement between Plaintiff and Defendant for the purchase and sale of corn and was supported by adequate consideration.

73. BSG fully performed its obligations under Contract No. 1000974408 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

74. Mr. Webster failed to perform his obligations under Contract No. 1000974408, and thereby materially breached Contract No. 1000974408, by refusing to deliver the outstanding quantity of 20,000.000 bushels of corn he owed BSG under the Contract.

75. Upon Mr. Webster's material breach, BSG properly canceled Contract No. 1000974408 and correctly calculated the market differed owed according to the terms of the Contract.

76. Mr. Webster's material breach of Contract No. 1000974408 has directly and proximately caused BSG damages as set forth herein in the amount of $69,200.00, exclusive of interest and costs.

77. Pursuant to Contract No. 1000974408, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $69,200.00, prejudgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

### COUNT V – BREACH OF CONTRACT NO. 1000974409

78. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 77 of this Complaint as though fully set forth herein.

79. Mr. Webster and BSG entered into Contract No. 1000974409, dated October 4, 2021, whereby Mr. Webster agreed to sell and deliver 50,000.000 bushels of U.S. No. 2 Yellow Corn to BSG at the price and according to the terms set forth in the Contract. *See* Exhibit E.

80. Contract No. 1000974409 is and was, at all times, a valid and enforceable agreement between Plaintiff and Defendant for the purchase and sale of corn and was supported by adequate consideration.

81. BSG fully performed its obligations under Contract No. 1000974409 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

82. Mr. Webster failed to perform his obligations under Contract No. 1000974409, and thereby materially breached Contract No. 1000974409, by refusing to deliver the outstanding quantity of 47,863.369 bushels of corn he owed BSG under the Contract.

83. Upon Mr. Webster's material breach, BSG properly canceled the defaulted portion of Contract No. 1000974409 and correctly calculated the market difference owed according to the terms of the Contract.

84. Mr. Webster's material breach of Contract No. 1000974409 has directly and proximately caused BSG damages as set forth herein in the amount of $164,649.99, exclusive of interest and costs.

85. Pursuant to Contract No. 1000974409, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $164,649.99, prejudgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

**COUNT VI – BREACH OF CONTRACT NO. 1000988290**

86. BSG realleges, restates, and incorporates by reference the allegations set forth in Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87. Mr. Webster and BSG entered into Contract No. 1000854238, dated May 28, 2020, with certain terms confirmed by Contract No. 1000988290, dated November 29, 2021, whereby Mr. Webster agreed to sell and deliver 25,134.616 bushels of U.S. No. 2 Yellow Corn to BSG at the price and according to the terms set forth in the Contract.  *See* Exhibits F and G.

88. Contract Nos. 1000988290 and 1000854238 are and were, at all times, valid and enforceable agreements for the purchase and sale of corn and were supported by adequate consideration.

89. BSG fully performed its obligations under Contract No. 1000988290 and all conditions precedent to BSG's entitlement to assert this claim have occurred or have been satisfied, waived, or excused.

90. Mr. Webster failed to perform his obligations under Contract No. 1000988290, and thereby materially breached Contract No. 1000988290, by refusing to deliver the outstanding quantity of 25,134.616 bushels of corn he owed BSG under the Contract.

91. Upon Mr. Webster's material breach, BSG properly canceled Contract No. 1000988290 and correctly calculated the market difference owed according to the terms of the Contract.

92. Mr. Webster's material breach of Contract No. 1000988290 has directly and proximately caused BSG damages as set forth herein in the amount of $86,965.77, exclusive of interest and costs.

93.     Pursuant to Contract No. 1000988290, BSG is also entitled to recover its court costs, attorneys' fees, and expenses incurred herein, and which BSG will incur in the future in this case, as a result of Mr. Webster's material breach of the Contract.

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster in an amount exceeding $86,965.77, prejudgment interest from June 27, 2022, Bunge-SCF Grain, LLC's attorneys' fees and costs incurred herein, post-judgment interest, and for such further relief as the Court deems appropriate under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiff Bunge-SCF Grain, LLC hereby demands a trial by jury of all issues properly so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bunge-SCF Grain, LLC ("BSG") respectfully requests that the Court enter judgment in its favor and against Defendant Pat Webster, and prays that the Court enter an Order:

A.     Awarding monetary damages to BSG in excess of $695,067.25;

B.     Awarding pre-judgment from June 27, 2022 along with post-judgment interest to BSG;

C.     Awarding BSG its attorneys' fees, costs, and expenses incurred in this action; and

D.     Awarding such other and further relief to BSG as the Court deems just and proper.

17

Dated: June 2, 2023

Respectfully submitted,

**LEWIS RICE LLC**

By:   /s/  *Bridget Hoy*
      Bridget Hoy, #50733MO
      Taylor J. Essner, #70048MO
      600 Washington Avenue, Suite 2500
      St. Louis, Missouri 63101-1311
      Telephone:   (314) 444-7600
      Facsimile:    (314) 612-7837
      Email: bhoy@lewisrice.com
             tessner@lewisrice.com

***Attorneys for Plaintiff Bunge-SCF Grain, LLC***