UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUNGE-SCF GRAIN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00734-SRC |
| | ) |
| PAT WEBSTER, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Plaintiff Bunge-SCF Grain moves for a special order authorizing and directing an alternative method of service on Defendant Pat Webster. Doc. 10. On four occasions, Bunge unsuccessfully attempted to serve Webster. Doc. 11 at p. 3. Claiming impracticability, Bunge asks this court to authorize an extraordinary, and largely untested, method of service. Doc. 10. As explained below, the Court denies the motion.

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve process by a method approved by the state where service is made. Bunge seeks to serve process on Webster in Illinois. Doc. 10 at ¶ 7. And Illinois law allows for alternative service when personal service and service at a defendant's abode becomes impractical. 735 Ill. Comp. Stat. Ann. 5/2-203.1. Before a court grants alternative service, the plaintiff must show that it performed a "diligent inquiry as to the location of the individual defendant" and that "reasonable efforts to make service have been unsuccessful." *Id*.

Diligence "requires [an] honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit." *Urb. P'ship Bank v. Ragdale*, 73 N.E.3d 1284, 1289 (Ill. App. Ct. 2017) (quoting *City of Chicago v. Leakas*, 284 N.E.2d 449 (Ill.

App. Ct. 1972)).  In other words, the plaintiff needs to perform "the type of search or investigation that an earnest person seeking to locate a defendant to effectuate service on him would make."  *Sutton v. Ekong*, 994 N.E.2d 589, 595 (Ill. App. Ct. 2013).

Under the circumstances of this case, Bunge has failed to perform this diligent, or full, inquiry.  First, Bunge still enjoys opportunities to personally serve Webster.  Although Bunge attempted to serve Webster four times, at homes connected to him and his relatives, Doc. 11-1 at ¶ 7, possible methods exist.  Specifically, Bunge maintains a connection with Webster in their ongoing dispute in the Central District of Illinois.  Doc. 11-1 at ¶¶ 3–6.  But Bunge does not explain why it cannot compel Webster's personal appearance at, for example, a deposition in that case, and thereby personally serve Webster.  Further, Bunge fails to show it attempted to personally serve Webster outside of his home at places he may frequent.  *See, e.g.*, *Sutton*, 994 N.E.2d at 595 (finding plaintiff's inquiry insufficient when she failed to discover defendant's "easily obtainable business address or attempt to serve him at that location").  Because possible methods exist, Bunge has not convinced this Court that it performed an inquiry as full as the circumstances permit.

Second, under these circumstances, Bunge provides no reason as to why the Court needs to intervene presently.  In this case, Bunge seeks damages from Webster's alleged breaches of contract.  Doc. 1.  Bunge presents no exigent circumstances and no explanation as to why one month of effort demands relief.  *See* Doc. 11 at p. 3.  Leaving aside that Bunge fails to explain why the claims in this case cannot or should not be asserted in the pending case in the Central District of Illinois, Bunge fails to show the need for a special order by this Court.  Consequently, Bunge failed to perform an inquiry as full as the circumstances permit, and the Court denies its motion.

     Because the Court denies Bunge's motion for failure to perform a diligent inquiry, it does not rule on the issue of whether the method of service Bunge proposes would satisfy due process. The Court notes that the method of service Bunge proposes—serving an attorney who apparently has not been authorized by his client to accept service (and of whom Bunge's counsel apparently did not inquire whether he was so authorized)—appears to wade into largely untested waters in the Illinois appellate courts.  The Court further notes that in both *Urban Partnership* and *Sutton* above, the Illinois appellate courts found that service under 735 Ill. Comp. Stat. Ann. 5/2-203.1 was improper.

     The Court accordingly denies Bunge's [10] motion for a special order authorizing and directing an alternative method of service.

     So Ordered this 25th day of August 2023.

                                                           _/s/ Stephen R. Clark_
                                                      STEPHEN R. CLARK
                                                      CHIEF UNITED STATES DISTRICT JUDGE